# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| **DEVELOPERS DIVERSIFIED REALTY CORP.,** | ) | **CASE NO. 1:06 CV 0234** |
| | ) | |
| | ) | **JUDGE SARA LIOI** |
| **Plaintiff,** | ) | |
| | ) | **MAG. JUDGE NANCY VECCHIARELLI** |
| **v.** | ) | |
| | ) | |
| **DR. NICHOLAS S. VIDALAKIS, *et al*.,** | ) | **REPLY OF PLAINTIFF DEVELOPERS** |
| | ) | **DIVERSIFIED REALTY** |
| **Defendants.** | ) | **CORPORATION AND NEW PARTY** |
| | ) | **DEFENDANTS SCOTT A. WOLSTEIN,** |
| | ) | **DEAN S. ADLER, JAMES A. SCHOFF,** |
| | ) | **DAVID M. JACOBSTEIN, TERRANCE** |
| | ) | **R. AHERN, WILLIAM H. SCHAFER,** |
| | ) | **JOAN U. ALLGOOD, AND ROBERT H.** |
| | ) | **GIDEL TO DEFENDANTS'** |
| | ) | **COUNTERCLAIM** |
| | ) | |
| | ) | **JURY DEMAND ENDORSED HEREON** |
| | ) | |

For their Joint Reply to Defendants' Counterclaim[1], Plaintiff Developers Diversified

Realty Corporation ("DDR") and New Party Defendants Scott A. Wolstein, Dean S. Adler,

James A. Schoff, David M. Jacobstein, Terrance R. Ahern, William H. Schafer, Joan U. Allgood,

and Robert H. Gidel ("New Party Defendants"), state as follows:

---

[1] Defendants refer to their pleading as a "Counterclaim." As against New Party Defendants, however, the pleading is properly a third-party complaint. For ease of reference only, DDR and New Party Defendants repeat Defendants' improper "Counterclaim" terminology herein.

## ANSWER TO JURISDICTION

1.      The allegations set forth in paragraph 1 of Defendants' Counterclaim constitute legal conclusions to which no response is required.

2.      DDR and New Party Defendants admit the allegations contained in paragraph 2 of Defendants' Counterclaim.

3.      DDR and New Party Defendants admit that Mr. Wolstein, Mr. Schoff, Mr. Jacobstein, Mr. Ahern, Mr. Schafer and Ms. Allgood are residents of Ohio and that at certain times relevant to this matter, were officers and/or members of DDR's Board of Directors. The remaining allegations set forth in paragraph 3 of Defendants' Counterclaim constitute legal conclusions to which no response is required.

4.      DDR and New Party Defendants admit that Mr. Adler and Mr. Gidel are currently members of DDR's Board of Directors, but deny the remaining allegations set forth in paragraph 4 of Defendants' Counterclaim as they constitute legal conclusions to which no response is required.

5.      The allegations set forth in paragraph 5 of Defendants' Counterclaim constitute legal conclusions to which no response is required.

## ANSWER TO PARTIES

6.      DDR and New Party Defendants deny the allegations contained in paragraph 6 of Defendants' Counterclaim upon information and belief.

7.      DDR and New Party Defendants deny the allegations contained in paragraph 7 of Defendants' Counterclaim upon information and belief.

8.      DDR and New Party Defendants admit the allegations contained in paragraph 8 of Defendants' Counterclaim upon information and belief.

2

9.      DDR and New Party Defendants admit the allegations contained in paragraph 9 of Defendants' Counterclaim upon information and belief.

10.      DDR and New Party Defendants admit the allegations contained in paragraph 10 of Defendants' Counterclaim upon information and belief.

11.      DDR and New Party Defendants admit the allegations contained in paragraph 11 of Defendants' Counterclaim upon information and belief.

12.      DDR and New Party Defendants admit the allegations contained in paragraph 12 of Defendants' Counterclaim upon information and belief.

13.      DDR and New Party Defendants admit the allegations contained in paragraph 13 of Defendants' Counterclaim upon information and belief.

14.      DDR and New Party Defendants admit the allegations contained in paragraph 14 of Defendants' Counterclaim upon information and belief.

15.      DDR and New Party Defendants deny that Mr. Wolstein resides in the City of Cleveland, but admit the remainder of the allegations contained in paragraph 15 of Defendants' Counterclaim.

16.      DDR and New Party Defendants deny that Mr. Adler resides in the City of Philadelphia, but admit the remainder of the allegations contained in paragraph 16 of Defendants' Counterclaim.

17.      DDR and New Party Defendants deny that Mr. Schoff resides in the City of Cleveland and that he was an officer of DDR and a member of DDR's Board of Directors at all times relevant to this matter. Further responding, DDR and New Party Defendants admit that Mr. Schoff was an officer and board member at certain times relevant to this matter.

18.     DDR and New Party Defendants deny that Mr. Jacobstein resides in the City of Cleveland and that he was an officer of DDR and a member of DDR's Board of Directors at all times relevant to this matter. Further responding, DDR and New Party Defendants admit that Mr. Jacobstein was an officer and board member at certain times relevant to this matter.

19.     DDR and New Party Defendants deny that Mr. Ahern resides in the City of Cleveland and that he was a member of DDR's Board of Directors at all times relevant to this matter. Further responding, DDR and New Party Defendants admit that Mr. Ahern was a board member at certain times relevant to this matter.

20.     DDR and New Party Defendants deny that Mr. Gidel resides in the City of Sarasota and that he was a member of DDR's Board of Directors at all times relevant to this matter. Further responding, DDR and New Party Defendants admit that Mr. Gidel was a board member at certain times relevant to this matter.

21.     DDR and New Party Defendants deny that Mr. Schafer resides in the City of Cleveland, but admit the remainder of the allegations contained in paragraph 21 of Defendants' Counterclaim.

22.     DDR and New Party Defendants deny that Ms. Allgood resides in the City of Cleveland, but admit the remainder of the allegations contained in paragraph 22 of Defendants' Counterclaim.

## ANSWER TO FACTS COMMON TO ALL COUNTS

23.     DDR and New Party Defendants admit, upon information belief, that Defendants are residents of Utah, California and/or Washington. DDR and New Party Defendants deny the remaining allegations contained in paragraph 23 of Defendants' Counterclaim for lack of information and knowledge sufficient to form a belief as to the truth thereof.

24.    DDR and New Party Defendants deny the allegations contained in paragraph 24 of Defendants' Counterclaim for lack of information and knowledge sufficient to form a belief as to the truth thereof.

25.    DDR and New Party Defendants deny the allegations contained in paragraph 25 of Defendants' Counterclaim for lack of information and knowledge sufficient to form a belief as to the truth thereof.

26.    DDR and New Party Defendants admit that Defendants solicited DDR to bid for the purchase of certain of Defendants' real estate assets. DDR and New Party Defendants deny the remaining allegations contained in paragraph 26 of Defendants' Counterclaim for lack of information and knowledge sufficient to form a belief as to the truth thereof.

27.    DDR and New Party Defendants admit that DDR submitted a Final Transaction Proposal by letter dated May 5, 1998 and that the letter speaks for itself. DDR and New Party Defendants deny the remaining allegations, whether express or implied, contained in paragraph 27 of Defendants' Counterclaim.

28.    DDR and New Party Defendants admit that negotiations occurred with Defendants and that there were limited meetings in California, Idaho and Utah, and property tours in Idaho and Utah. DDR and New Party Defendants deny the remaining allegations contained in paragraph 28 of Defendants' Counterclaim for lack of information and knowledge sufficient to form a belief as to the truth thereof.

29.    DDR and New Party Defendants admit that Fort Union Associates, LLC; TFCM Associates, LLC; Riverdale Retail Associates, LLC; Rocky Mountain Real Estate, LLC; Hermes Associates, Ltd.; University Square Associates, Inc.; University Square Associates, Ltd.; Vidalakis Investment Company, Ltd.; Big "V" Associates, Ltd.; Hermes Associates, G.P.; DDR;

and DDR Family Centers, L.P. entered into a Purchase and Contribution Agreement on or about May 20, 1998 and that the Purchase and Contribution Agreement speaks for itself. DDR and New Party Defendants deny the remaining allegations, whether express or implied, contained in paragraph 29 of Defendants' Counterclaim.

30.     DDR and New Party Defendants admit that Defendants and DDR entered into the Agreement of Limited Partnership of DDR Family Centers LP ("Partnership Agreement") on or about July 1, 1998 and that the Partnership Agreement speaks for itself. DDR and New Party Defendants deny the remaining allegations, whether express or implied, contained in paragraph 30 of Defendants' Counterclaim.

31.     DDR and New Party Defendants admit that the cash and equity consideration for the transaction was more than $300 million, but deny the remainder of the allegations contained in paragraph 31 of Defendants' Counterclaim.

32.     DDR and New Party Defendants admit that DDR entered into the Partnership Agreement and that the Partnership Agreement speaks for itself. DDR and New Party Defendants deny the remaining allegations, whether express or implied, contained in paragraph 32 of Defendants' Counterclaim.

33.     DDR and New Party Defendants admit that DDR entered into the Partnership Agreement and that the Partnership Agreement speaks for itself. DDR and New Party Defendants deny the remaining allegations, whether express or implied, contained in paragraph 33 of Defendants' Counterclaim.

34.     DDR and New Party Defendants admit that while negotiating, Defendants and DDR disagreed on a valuation for the undeveloped properties of Meridian, Ogden and Weber. Further responding, DDR and New Party Defendants admit that the "Initial Development

Property Valuation" of $35,130,000 is contained in the Partnership Agreement and that the Agreement speaks for itself. Further responding, DDR and New Party Defendants admit that the 1998 terms for payment of Additional Development Property Consideration, "if any," is contained in the Partnership Agreement and that the Agreement speaks for itself. DDR and New Party Defendants deny any remaining allegations, express or implied, contained in paragraph 34 of Defendants' Counterclaim.

35.     DDR and New Party Defendants admit that DDR entered into the Partnership Agreement and that the Partnership Agreement speaks for itself. DDR and New Party Defendants deny the remaining allegations, whether express or implied, contained in paragraph 35 of Defendants' Counterclaim.

36.     DDR and New Party Defendants admit that, in 1998, the parties negotiated certain earn-out provisions and incorporated them, at that time, into the Partnership Agreement and that the Partnership Agreement speaks for itself. DDR and New Party Defendants deny the remaining allegations, whether express or implied, contained in paragraph 36 of Defendants' Counterclaim.

37.     DDR and New Party Defendants admit that DDR entered into the Partnership Agreement and that the Partnership Agreement speaks for itself. DDR and New Party Defendants deny the remaining allegations, whether express or implied, contained in paragraph 37 of Defendants' Counterclaim.

38.     DDR and New Party Defendants admit that DDR entered into the Partnership Agreement, the 1998 Purchase and Contribution Agreement, and the 2000 Purchase Agreement and that those Agreements speak for themselves. DDR and New Party Defendants deny the remaining allegations, whether express or implied, contained in paragraph 38 of Defendants' Counterclaim.

39.     A DDR and New Party Defendants admit that DDR entered into the Partnership Agreement and that the Partnership Agreement speaks for itself. DDR and New Party Defendants deny the remaining allegations, whether express or implied, contained in paragraph 39 of Defendants' Counterclaim.

40.     DDR and New Party Defendants admit that DDR sent a Final Transaction Proposal by letter dated May 5, 1998 and that the letter speaks for itself. DDR and New Party Defendants deny the remaining allegations, whether express or implied, contained in paragraph 40 of Defendants' Counterclaim.

41.     DDR and New Party Defendants admit that the Meridian, Ogden and Weber properties were included in the 1998 transaction, but deny the remaining allegations contained in paragraph 41 of Defendants' Counterclaim.

42.     DDR and New Party Defendants admit that DDR entered into the Partnership Agreement and that the Partnership Agreement speaks for itself. DDR and New Party Defendants deny the remaining allegations, whether express or implied, contained in paragraph 42 of Defendants' Counterclaim.

43.     DDR and New Party Defendants admit that DDR entered into the Partnership Agreement and that the Partnership Agreement speaks for itself. DDR and New Party Defendants deny the remaining allegations, whether express or implied, contained in paragraph 43 of Defendants' Counterclaim.

44.     DDR and New Party Defendants deny the allegations contained in paragraph 44 of Defendants' Counterclaim.

45.     DDR and New Party Defendants deny the allegations contained in paragraph 45 of Defendants' Counterclaim for lack of information and knowledge sufficient to form a belief as to the truth thereof.

46.     DDR and New Party Defendants deny the allegations contained in paragraph 46 of Defendants' Counterclaim for lack of information and knowledge sufficient to form a belief as to the truth thereof.

47.     DDR and New Party Defendants admit that Hermes Associates, Ltd. entered into an agreement with Wal-Mart in or about January, 2000 and that the agreement speaks for itself. DDR and New Party Defendants deny the remaining allegations, whether express or implied, contained in paragraph 47 of Defendants' Counterclaim.

48.     DDR and New Party Defendants deny the allegations contained in paragraph 48 of Defendants' Counterclaim.

49.     DDR and New Party Defendants admit that DDR undertook certain activities to annex the Gibson parcel into the City of Meridian and to ready portions of the Gibson parcel for sale to Wal-Mart, but deny the remaining allegations contained in paragraph 49 of Defendants' Counterclaim.

50.     DDR and New Party Defendants deny the allegations contained in paragraph 50 of Defendants' Counterclaim.

51.     DDR and New Party Defendants deny the allegations contained in paragraph 51 of Defendants' Counterclaim.

52.     DDR and New Party Defendants deny the allegations contained in paragraph 52 of Defendants' Counterclaim.

53.     DDR and New Party Defendants deny the allegations contained in paragraph 53 of Defendants' Counterclaim.

54.     DDR and New Party Defendants admit the allegations contained in paragraph 54 of Defendants' Counterclaim.

55.     DDR and New Party Defendants deny the allegations contained in paragraph 55 of Defendants' Counterclaim.

56.     DDR and New Party Defendants deny the allegations contained in paragraph 56 of Defendants' Counterclaim.

57.     DDR and New Party Defendants deny the allegations contained in paragraph 57 of Defendants' Counterclaim.

58.     DDR and New Party Defendants deny the allegations contained in paragraph 58 of Defendants' Counterclaim.

59.     DDR and New Party Defendants admit that discussions were had in November of 1999 and December of 1999 regarding Defendants' objections to certain DDR development decisions, including but not limited to the proposed sale of land to Wal-Mart at Meridian. DDR and New Party Defendants deny the remainder of the allegations contained in paragraph 59 of Defendants' Counterclaim.

60.     DDR and New Party Defendants deny the allegations contained in paragraph 60 of Defendants' Counterclaim.

61.     DDR and New Party Defendants admit that during discussions in 1999, Defendants inquired about certain aspects of the development of Meridian, Ogden and Weber, including the sale of land to Wal-Mart at Meridian at what Defendants perceived to be a "loss." Further, DDR and New Party Defendants admit that John McGill was involved in some of the

discussions with Wal-Mart regarding Meridian and Weber during his employment with DDR. DDR and New Party Defendants deny any remaining allegations contained in paragraph 61 of Defendants' Counterclaim.

62.    DDR and New Party Defendants deny the allegations contained in paragraph 62 of Defendants' Counterclaim.

63.    DDR and New Party Defendants admit that DDR entered into the 2000 Purchase Agreement with Defendants and their respective Trusts and that the Agreement speaks for itself. DDR and New Party Defendants deny the remainder of the allegations contained in paragraph 63 of Defendants' Counterclaim.

64.    DDR and New Party Defendants admit that DDR entered into the 2000 Purchase Agreement with Defendants and their respective Trusts and that the Agreement speaks for itself. DDR and New Party Defendants deny the remainder of the allegations, whether express or implied, contained in paragraph 64 of Defendants' Counterclaim.

65.    DDR and New Party Defendants admit that DDR entered into the 2000 Purchase Agreement with Defendants and their respective Trusts and that the Agreement speaks for itself. DDR and New Party Defendants deny the remainder of the allegations, whether express or implied, contained in paragraph 65 of Defendants' Counterclaim.

66.    DDR and New Party Defendants admit that on February 14, 2005, DDR sent Defendants a letter with DDR's initial calculation of the Meridian Additional Development Property Consideration and that the letter speaks for itself. DDR and New Party Defendants deny the remainder of the allegations, whether express or implied, contained in paragraph 66 of Defendants' Counterclaim.

67.     DDR and New Party Defendants deny the allegations contained in paragraph 67 of Defendants' Counterclaim.

68.     DDR and New Party Defendants deny the allegations contained in paragraph 68 of Defendants' Counterclaim.

69.     DDR and New Party Defendants deny the allegations contained in paragraph 69 of Defendants' Counterclaim.

70.     DDR and New Party Defendants admit that Defendants met with DDR in Ohio in August of 2005, claiming that the amount of Meridian Additional Development Property Consideration was insufficient. DDR and New Party Defendants deny the remainder of the allegations contained in paragraph 70 of Defendants' Counterclaim.

71.     DDR and New Party Defendants admit that on October 13, 2005, DDR sent Defendants a letter with DDR's revised calculation of the Meridian Additional Development Property Consideration and that the letter speaks for itself. Further, DDR and New Party Defendants admit that DDR tendered checks to Defendants in the amount of $1,281,676.00. DDR and New Party Defendants deny the remainder of the allegations contained in paragraph 71 of Defendants' Counterclaim.

72.     DDR and New Party Defendants admit that DDR's Earn-Out calculation included costs associated with DDR's purchase, development and transfer of the Gibson Parcel to Wal-Mart, but deny the remainder of the allegations contained in paragraph 72 of Defendants' Counterclaim.

73.     DDR and New Party Defendants admit that Defendants returned DDR's checks, but deny the remainder of the allegations contained in paragraph 73 of Defendants' Counterclaim.

74.     DDR and New Party Defendants admit the allegations contained in paragraph 74 of Defendants' Counterclaim.

75.     DDR and New Party Defendants deny the allegations contained in paragraph 75 of Defendants' Counterclaim.

76.     DDR and New Party Defendants admit that DDR notified Defendants that no Additional Development Property Consideration was due to Defendants for either Ogden or Weber but deny the remainder of the allegations contained in paragraph 76 of Defendants' Counterclaim.

## ANSWER TO COUNT I (Against DDR)

77.     Paragraph 77 of Defendants' Counterclaim does not call for a response. DDR and New Party Defendants incorporate by reference their responses set forth in Paragraphs 1-76 of this Reply as if fully rewritten herein.

78.     As to Paragraph 78 of Defendants' Counterclaim, DDR and New Party Defendants state that pursuant to the Court's February 14, 2008 Order, Count I of Defendants' Counterclaim has been dismissed, and therefore, no responsive pleading is required.

79.     As to Paragraph 79 of Defendants' Counterclaim, DDR and New Party Defendants state that pursuant to the Court's February 14, 2008 Order, Count I of Defendants' Counterclaim has been dismissed, and therefore, no responsive pleading is required.

80.     As to Paragraph 80 of Defendants' Counterclaim, DDR and New Party Defendants state that pursuant to the Court's February 14, 2008 Order, Count I of Defendants' Counterclaim has been dismissed, and therefore, no responsive pleading is required.

81.     As to Paragraph 81 of Defendants' Counterclaim, DDR and New Party Defendants state that pursuant to the Court's February 14, 2008 Order, Count I of Defendants' Counterclaim has been dismissed, and therefore, no responsive pleading is required.

82.     As to Paragraph 82 of Defendants' Counterclaim, DDR and New Party Defendants state that pursuant to the Court's February 14, 2008 Order, Count I of Defendants' Counterclaim has been dismissed, and therefore, no responsive pleading is required.

83.     As to Paragraph 83 of Defendants' Counterclaim, DDR and New Party Defendants state that pursuant to the Court's February 14, 2008 Order, Count I of Defendants' Counterclaim has been dismissed, and therefore, no responsive pleading is required.

84.     As to Paragraph 84 of Defendants' Counterclaim, DDR and New Party Defendants state that pursuant to the Court's February 14, 2008 Order, Count I of Defendants' Counterclaim has been dismissed, and therefore, no responsive pleading is required.

85.     As to Paragraph 85 of Defendants' Counterclaim, DDR and New Party Defendants state that pursuant to the Court's February 14, 2008 Order, Count I of Defendants' Counterclaim has been dismissed, and therefore, no responsive pleading is required.

86.     As to Paragraph 86 of Defendants' Counterclaim, DDR and New Party Defendants state that pursuant to the Court's February 14, 2008 Order, Count I of Defendants' Counterclaim has been dismissed, and therefore, no responsive pleading is required.

87.     As to Paragraph 87 of Defendants' Counterclaim, DDR and New Party Defendants state that pursuant to the Court's February 14, 2008 Order, Count I of Defendants' Counterclaim has been dismissed, and therefore, no responsive pleading is required.

88.     As to Paragraph 88 of Defendants' Counterclaim, DDR and New Party Defendants state that pursuant to the Court's February 14, 2008 Order, Count I of Defendants' Counterclaim has been dismissed, and therefore, no responsive pleading is required.

89.     As to Paragraph 89 of Defendants' Counterclaim, DDR and New Party Defendants state that pursuant to the Court's February 14, 2008 Order, Count I of Defendants' Counterclaim has been dismissed, and therefore, no responsive pleading is required.

90.     As to Paragraph 90 of Defendants' Counterclaim, DDR and New Party Defendants state that pursuant to the Court's February 14, 2008 Order, Count I of Defendants' Counterclaim has been dismissed, and therefore, no responsive pleading is required.

91.     As to Paragraph 91 of Defendants' Counterclaim, DDR and New Party Defendants state that pursuant to the Court's February 14, 2008 Order, Count I of Defendants' Counterclaim has been dismissed, and therefore, no responsive pleading is required.

## ANSWER TO COUNT II (Against DDR)

92.     Paragraph 92 of Defendants' Counterclaim does not call for a response. DDR and New Party Defendants incorporate by reference their responses set forth in Paragraphs 1-91 of this Reply as if fully rewritten herein.

93.     DDR and New Party Defendants admit that in 1998, Fort Union Associates, LLC; TFCM Associates, LLC; Riverdale Retail Associates, LLC; Rocky Mountain Real Estate, LLC; Hermes Associates, Ltd.; University Square Associates, Inc.; University Square Associates, Ltd.; Vidalakis Investment Company, Ltd.; Big "V" Associates, Ltd.; Hermes Associates, G.P.; DDR; and DDR Family Centers, L.P. entered into a Purchase and Contribution Agreement. Further answering, DDR admits that in 1998, DDR and Nancy G. Vidalakis, Perry N. Vidalakis, John N. Vidalakis, Nicole K. Vidalakis, George N. Vidalakis, Nicholas S. Vidalakis, J. Rees Jensen, and

15

JRJ Investments, LC entered into a Partnership Agreement. As for New Party Defendants, the allegations stated in paragraph 93 of Defendants' Counterclaim are directed only to DDR and, therefore, no response is required by New Party Defendants.

94.　　As to Paragraph 94 of Defendants' Counterclaim, DDR admits that during 1999 Defendants asked DDR about various development activities and decisions, including questions about the development of the Meridian and Weber sites. DDR denies the remaining allegations contained in Paragraph 94 of Defendants' Counterclaim. As for New Party Defendants, the allegations stated in paragraph 94 of Defendants' Counterclaim are directed only to DDR and, therefore, no response is required by New Party Defendants.

95.　　DDR admits the allegations contained in Paragraph 95 of Defendants' Counterclaim. As for New Party Defendants, the allegations stated in paragraph 95 of Defendants' Counterclaim are directed only to DDR and, therefore, no response is required by New Party Defendants.

96.　　As to Paragraph 96 of Defendants' Counterclaim, DDR admits that a face-to-face meeting was held with several employees of DDR and Larry Durkin, an employee of the Dakota Company. DDR denies the remaining allegations contained in Paragraph 96 of Defendants' Counterclaim. As for New Party Defendants, the allegations stated in paragraph 96 of Defendants' Counterclaim are directed only to DDR and, therefore, no response is required by New Party Defendants.

97.　　DDR admits that discussions were had between the parties in November 1999 but denies the remaining allegations contained in Paragraph 97 of Defendants' Counterclaim. As for New Party Defendants, the allegations stated in paragraph 97 of Defendants' Counterclaim are directed only to DDR and, therefore, no response is required by New Party Defendants.

98.     As to Paragraph 98 of Defendants' Counterclaim, DDR admits that Defendants inquired about DDR's reasons for selling Meridian Parcel 5 to Wal-Mart and claimed that such a sale would offset the amount of the Additional Development Property Consideration Defendants would receive from Meridian. DDR denies the remaining allegations contained in Paragraph 98 of Defendants' Counterclaim. As for New Party Defendants, the allegations stated in paragraph 98 of Defendants' Counterclaim are directed only to DDR and, therefore, no response is required by New Party Defendants.

99.     DDR denies the allegations contained in Paragraph 99 of Defendants' Counterclaim. As for New Party Defendants, the allegations stated in paragraph 99 of Defendants' Counterclaim are directed only to DDR and, therefore, no response is required by New Party Defendants.

100.     DDR denies the allegations contained in Paragraph 100 of Defendants' Counterclaim. As for New Party Defendants, the allegations stated in paragraph 100 of Defendants' Counterclaim are directed only to DDR and, therefore, no response is required by New Party Defendants.

101.     DDR denies the allegations contained in Paragraph 101 of Defendants' Counterclaim. As for New Party Defendants, the allegations stated in paragraph 101 of Defendants' Counterclaim are directed only to DDR and, therefore, no response is required by New Party Defendants.

102.     DDR denies the allegations contained in Paragraph 102 of Defendants' Counterclaim. As for New Party Defendants, the allegations stated in paragraph 102 of Defendants' Counterclaim are directed only to DDR and, therefore, no response is required by New Party Defendants.

103.    DDR denies the allegations contained in Paragraph 103 of Defendants' Counterclaim. As for New Party Defendants, the allegations stated in paragraph 103 of Defendants' Counterclaim are directed only to DDR and, therefore, no response is required by New Party Defendants.

104.    DDR denies the allegations contained in Paragraph 104 of Defendants' Counterclaim. As for New Party Defendants, the allegations stated in paragraph 104 of Defendants' Counterclaim are directed only to DDR and, therefore, no response is required by New Party Defendants.

105.    DDR denies the allegations contained in Paragraph 105 of Defendants' Counterclaim. As for New Party Defendants, the allegations stated in paragraph 105 of Defendants' Counterclaim are directed only to DDR and, therefore, no response is required by New Party Defendants.

106.    DDR denies the allegations contained in Paragraph 106 of Defendants' Counterclaim. As for New Party Defendants, the allegations stated in paragraph 106 of Defendants' Counterclaim are directed only to DDR and, therefore, no response is required by New Party Defendants.

107.    DDR denies the allegations contained in Paragraph 107 of Defendants' Counterclaim. As for New Party Defendants, the allegations stated in paragraph 107 of Defendants' Counterclaim are directed only to DDR and, therefore, no response is required by New Party Defendants.

108.    DDR denies the allegations contained in Paragraph 108 of Defendants' Counterclaim. As for New Party Defendants, the allegations stated in paragraph 108 of

Defendants' Counterclaim are directed only to DDR and, therefore, no response is required by New Party Defendants.

109.    DDR denies the allegations contained in Paragraph 109 of Defendants' Counterclaim. As for New Party Defendants, the allegations stated in paragraph 109 of Defendants' Counterclaim are directed only to DDR and, therefore, no response is required by New Party Defendants.

## ANSWER TO COUNT III (Against DDR)

110.    Paragraph 110 of Defendants' Counterclaim does not call for a response. DDR and New Party Defendants incorporate by reference their responses set forth in Paragraphs 1-109 of this Reply as if fully rewritten herein.

111.    DDR admits that DDR entered into the 2000 Purchase Agreement and that the Agreement speaks for itself. DDR denies the remainder of the allegations, whether express or implied, contained in paragraph 111 of Defendants' Counterclaim. As for New Party Defendants, the allegations stated in paragraph 111 of Defendants' Counterclaim are directed only to DDR and, therefore, no response is required by New Party Defendants.

112.    DDR admits that DDR entered into the 2000 Purchase Agreement and that the Agreement speaks for itself. DDR denies the remainder of the allegations, whether express or implied, contained in paragraph 112 of Defendants' Counterclaim. As for New Party Defendants, the allegations stated in paragraph 112 of Defendants' Counterclaim are directed only to DDR and, therefore, no response is required by New Party Defendants.

113.    DDR admits that DDR entered into the 2000 Purchase Agreement and that the Agreement speaks for itself. Further responding, DDR admits that Defendants agreed to release certain claims regarding certain development decisions made by DDR in the context of

developing Meridian, Ogden and Weber. DDR denies the remainder of the allegations contained in paragraph 113 of Defendants' Counterclaim. As for New Party Defendants, the allegations stated in paragraph 113 of Defendants' Counterclaim are directed only to DDR and, therefore, no response is required by New Party Defendants.

114. The allegations set forth in paragraph 114 of Defendants' Counterclaim constitute legal conclusions to which no response is required. Further answering, DDR denies that DDR committed any fraud or that Defendants are entitled to void the 2000 Purchase Agreement or obtain other relief based upon such alleged fraud, or other, claims. As for New Party Defendants, the allegations stated in paragraph 114 of Defendants' Counterclaim are directed only to DDR and, therefore, no response is required by New Party Defendants.

115. DDR denies the allegations contained in paragraph 115 of Defendants' Counterclaim. As for New Party Defendants, the allegations stated in paragraph 115 of Defendants' Counterclaim are directed only to DDR and, therefore, no response is required by New Party Defendants.

116. DDR denies the allegations contained in paragraph 116 of Defendants' Counterclaim. As for New Party Defendants, the allegations stated in paragraph 116 of Defendants' Counterclaim are directed only to DDR and, therefore, no response is required by New Party Defendants.

117. DDR denies the allegations contained in paragraph 117 of Defendants' Counterclaim. As for New Party Defendants, the allegations stated in paragraph 117 of Defendants' Counterclaim are directed only to DDR and, therefore, no response is required by New Party Defendants.

118.    DDR denies the allegations contained in paragraph 118 of Defendants' Counterclaim. As for New Party Defendants, the allegations stated in paragraph 118 of Defendants' Counterclaim are directed only to DDR and, therefore, no response is required by New Party Defendants.

119.    DDR denies the allegations contained in paragraph 119 of Defendants' Counterclaim. As for New Party Defendants, the allegations stated in paragraph 119 of Defendants' Counterclaim are directed only to DDR and, therefore, no response is required by New Party Defendants.

120.    DDR denies the allegations contained in paragraph 120 of Defendants' Counterclaim. As for New Party Defendants, the allegations stated in paragraph 120 of Defendants' Counterclaim are directed only to DDR and, therefore, no response is required by New Party Defendants.

121.    DDR denies the allegations contained in paragraph 121 of Defendants' Counterclaim. As for New Party Defendants, the allegations stated in paragraph 121 of Defendants' Counterclaim are directed only to DDR and, therefore, no response is required by New Party Defendants.

122.    DDR denies the allegations contained in paragraph 122 of Defendants' Counterclaim. As for New Party Defendants, the allegations stated in paragraph 122 of Defendants' Counterclaim are directed only to DDR and, therefore, no response is required by New Party Defendants.

123.    DDR denies the allegations contained in paragraph 123 of Defendants' Counterclaim. As for New Party Defendants, the allegations stated in paragraph 123 of

Defendants' Counterclaim are directed only to DDR and, therefore, no response is required by New Party Defendants.

124.    DDR denies the allegations contained in paragraph 124 of Defendants' Counterclaim. As for New Party Defendants, the allegations stated in paragraph 124 of Defendants' Counterclaim are directed only to DDR and, therefore, no response is required by New Party Defendants.

125.    DDR denies the allegations contained in paragraph 125 of Defendants' Counterclaim. As for New Party Defendants, the allegations stated in paragraph 125 of Defendants' Counterclaim are directed only to DDR and, therefore, no response is required by New Party Defendants.

126.    DDR denies the allegations contained in paragraph 126 of Defendants' Counterclaim. As for New Party Defendants, the allegations stated in paragraph 126 of Defendants' Counterclaim are directed only to DDR and, therefore, no response is required by New Party Defendants.

127.    DDR denies the allegations contained in paragraph 127 of Defendants' Counterclaim. As for New Party Defendants, the allegations stated in paragraph 127 of Defendants' Counterclaim are directed only to DDR and, therefore, no response is required by New Party Defendants.

128.    DDR denies the allegations contained in paragraph 128 of Defendants' Counterclaim. As for New Party Defendants, the allegations stated in paragraph 128 of Defendants' Counterclaim are directed only to DDR and, therefore, no response is required by New Party Defendants.

129.    DDR denies the allegations contained in paragraph 129 of Defendants' Counterclaim. As for New Party Defendants, the allegations stated in paragraph 129 of Defendants' Counterclaim are directed only to DDR and, therefore, no response is required by New Party Defendants.

130.    DDR denies the allegations contained in paragraph 130 of Defendants' Counterclaim. As for New Party Defendants, the allegations stated in paragraph 130 of Defendants' Counterclaim are directed only to DDR and, therefore, no response is required by New Party Defendants.

131.    DDR denies the allegations contained in paragraph 131 of Defendants' Counterclaim. As for New Party Defendants, the allegations stated in paragraph 131 of Defendants' Counterclaim are directed only to DDR and, therefore, no response is required by New Party Defendants.

132.    DDR denies the allegations contained in paragraph 132 of Defendants' Counterclaim. As for New Party Defendants, the allegations stated in paragraph 132 of Defendants' Counterclaim are directed only to DDR and, therefore, no response is required by New Party Defendants.

133.    DDR denies the allegations contained in paragraph 133 of Defendants' Counterclaim. As for New Party Defendants, the allegations stated in paragraph 133 of Defendants' Counterclaim are directed only to DDR and, therefore, no response is required by New Party Defendants.

134.    DDR denies the allegations contained in paragraph 134 of Defendants' Counterclaim. As for New Party Defendants, the allegations stated in paragraph 134 of

Defendants' Counterclaim are directed only to DDR and, therefore, no response is required by New Party Defendants.

135.    DDR denies the allegations contained in paragraph 135 of Defendants' Counterclaim. As for New Party Defendants, the allegations stated in paragraph 135 of Defendants' Counterclaim are directed only to DDR and, therefore, no response is required by New Party Defendants.

## ANSWER TO COUNT IV (Against DDR)

136.    Paragraph 136 of Defendants' Counterclaim does not call for a response. DDR and New Party Defendants incorporate by reference responses set forth in Paragraphs 1-135 of this Reply as if fully rewritten herein.

137.    As to Paragraph 137 of Defendants' Counterclaim, DDR and New Party Defendants state that pursuant to the Court's February 14, 2008 Order, Count IV of Defendants' Counterclaim has been dismissed, and therefore, no responsive pleading is required.

138.    As to Paragraph 138 of Defendants' Counterclaim, DDR and New Party Defendants state that pursuant to the Court's February 14, 2008 Order, Count IV of Defendants' Counterclaim has been dismissed, and therefore, no responsive pleading is required.

139.    As to Paragraph 139 of Defendants' Counterclaim, DDR and New Party Defendants state that pursuant to the Court's February 14, 2008 Order, Count IV of Defendants' Counterclaim has been dismissed, and therefore, no responsive pleading is required.

140.    As to Paragraph 140 of Defendants' Counterclaim, DDR and New Party Defendants state that pursuant to the Court's February 14, 2008 Order, Count IV of Defendants' Counterclaim has been dismissed, and therefore, no responsive pleading is required.

141.    As to Paragraph 141 of Defendants' Counterclaim, DDR and New Party Defendants state that pursuant to the Court's February 14, 2008 Order, Count IV of Defendants' Counterclaim has been dismissed, and therefore, no responsive pleading is required.

142.    As to Paragraph 142 of Defendants' Counterclaim, DDR and New Party Defendants state that pursuant to the Court's February 14, 2008 Order, Count IV of Defendants' Counterclaim has been dismissed, and therefore, no responsive pleading is required.

143.    As to Paragraph 143 of Defendants' Counterclaim, DDR and New Party Defendants state that pursuant to the Court's February 14, 2008 Order, Count IV of Defendants' Counterclaim has been dismissed, and therefore, no responsive pleading is required.

144.    As to Paragraph 144 of Defendants' Counterclaim, DDR and New Party Defendants state that pursuant to the Court's February 14, 2008 Order, Count IV of Defendants' Counterclaim has been dismissed, and therefore, no responsive pleading is required.

### ANSWER TO COUNT V (Against DDR)

145.    Paragraph 145 of Defendants' Counterclaim does not call for a response. DDR and New Party Defendants incorporate by reference their responses set forth in Paragraphs 1-144 of this Reply as if fully rewritten herein.

146.    As to Paragraph 146 of Defendants' Counterclaim, DDR states that it asserts a legal conclusion to which no responsive pleading is required. To the extent that a response is required, DDR denies the allegations contained in Paragraph 146 of Defendants' Counterclaim. As for New Party Defendants, the allegations stated in paragraph 146 of Defendants' Counterclaim are directed only to DDR and, therefore, no response is required by New Party Defendants.

147.    DDR denies the allegations contained in Paragraph 147 of Defendants' Counterclaim. As for New Party Defendants, the allegations stated in paragraph 147 of Defendants' Counterclaim are directed only to DDR and, therefore, no response is required by New Party Defendants.

148.    DDR denies the allegations contained in Paragraph 148 of Defendants' Counterclaim. As for New Party Defendants, the allegations stated in paragraph 148 of Defendants' Counterclaim are directed only to DDR and, therefore, no response is required by New Party Defendants.

149.    DDR denies the allegations contained in Paragraph 149 of Defendants' Counterclaim. As for New Party Defendants, the allegations stated in paragraph 149 of Defendants' Counterclaim are directed only to DDR and, therefore, no response is required by New Party Defendants.

150.    DDR denies the allegations contained in Paragraph 150 of Defendants' Counterclaim. As for New Party Defendants, the allegations stated in paragraph 150 of Defendants' Counterclaim are directed only to DDR and, therefore, no response is required by New Party Defendants.

151.    DDR denies the allegations contained in Paragraph 151 of Defendants' Counterclaim. As for New Party Defendants, the allegations stated in paragraph 151 of Defendants' Counterclaim are directed only to DDR and, therefore, no response is required by New Party Defendants.

152.    DDR denies the allegations contained in Paragraph 152 of Defendants' Counterclaim. As for New Party Defendants, the allegations stated in paragraph 152 of

Defendants' Counterclaim are directed only to DDR and, therefore, no response is required by New Party Defendants.

153.    DDR denies the allegations contained in Paragraph 153 of Defendants' Counterclaim. As for New Party Defendants, the allegations stated in paragraph 153 of Defendants' Counterclaim are directed only to DDR and, therefore, no response is required by New Party Defendants.

154.    DDR denies the allegations contained in Paragraph 154 of Defendants' Counterclaim. As for New Party Defendants, the allegations stated in paragraph 154 of Defendants' Counterclaim are directed only to DDR and, therefore, no response is required by New Party Defendants.

155.    DDR denies the allegations contained in Paragraph 155 of Defendants' Counterclaim. As for New Party Defendants, the allegations stated in paragraph 155 of Defendants' Counterclaim are directed only to DDR and, therefore, no response is required by New Party Defendants.

156.    DDR denies the allegations contained in Paragraph 156 of Defendants' Counterclaim. As for New Party Defendants, the allegations stated in paragraph 156 of Defendants' Counterclaim are directed only to DDR and, therefore, no response is required by New Party Defendants.

157.    DDR denies the allegations contained in Paragraph 157 of Defendants' Counterclaim. As for New Party Defendants, the allegations stated in paragraph 157 of Defendants' Counterclaim are directed only to DDR and, therefore, no response is required by New Party Defendants.

158.    DDR denies the allegations contained in Paragraph 158 of Defendants' Counterclaim. As for New Party Defendants, the allegations stated in paragraph 158 of Defendants' Counterclaim are directed only to DDR and, therefore, no response is required by New Party Defendants.

159.    DDR denies the allegations contained in Paragraph 159 of Defendants' Counterclaim. As for New Party Defendants, the allegations stated in paragraph 159 of Defendants' Counterclaim are directed only to DDR and, therefore, no response is required by New Party Defendants.

160.    DDR denies the allegations contained in Paragraph 160 of Defendants' Counterclaim. As for New Party Defendants, the allegations stated in paragraph 160 of Defendants' Counterclaim are directed only to DDR and, therefore, no response is required by New Party Defendants.

161.    DDR denies the allegations contained in Paragraph 161 of Defendants' Counterclaim. As for New Party Defendants, the allegations stated in paragraph 161 of Defendants' Counterclaim are directed only to DDR and, therefore, no response is required by New Party Defendants.

162.    DDR denies the allegations contained in Paragraph 162 of Defendants' Counterclaim. As for New Party Defendants, the allegations stated in paragraph 162 of Defendants' Counterclaim are directed only to DDR and, therefore, no response is required by New Party Defendants.

## ANSWER TO COUNT VI (Against DDR)

163.     Paragraph 163 of Defendants' Counterclaim does not call for a response. DDR and New Party Defendants incorporate by reference responses set forth in Paragraphs 1-162 of this Reply as if fully rewritten herein.

164.     As to Paragraph 164 of Defendants' Counterclaim, DDR states that the Revised Code of Washington speaks for itself and is the best evidence of what it contains. DDR denies any allegations which attempt to characterize the contents of the Revised Code of Washington, as well as the remaining allegations contained in Paragraph 164 of Defendants' Counterclaim. As for New Party Defendants, the allegations stated in paragraph 164 of Defendants' Counterclaim are directed only to DDR and, therefore, no response is required by New Party Defendants.

165.     As to Paragraph 165 of Defendants' Counterclaim, DDR states that it asserts legal conclusions to which no responsive pleading is required. To the extent that a response is required, DDR denies the allegations contained in Paragraph 165 of Defendants' Counterclaim. As for New Party Defendants, the allegations stated in paragraph 165 of Defendants' Counterclaim are directed only to DDR and, therefore, no response is required by New Party Defendants.

166.     DDR denies the allegations contained in Paragraph 166 of Defendants' Counterclaim. As for New Party Defendants, the allegations stated in paragraph 166 of Defendants' Counterclaim are directed only to DDR and, therefore, no response is required by New Party Defendants.

167.     As to Paragraph 167 of Defendants' Counterclaim, DDR admits that DDR and its representatives sent communications to various representatives of the Defendants to various locations, including to the Seattle, Washington offices of the Vidalakis Parties, located at 101

29

Stewart Street, Washington or to the home of Dr. Nick Vidalakis. DDR denies the remaining allegations contained in Paragraph 167 of Defendants' Counterclaim. As for New Party Defendants, the allegations stated in paragraph 167 of Defendants' Counterclaim are directed only to DDR and, therefore, no response is required by New Party Defendants.

168.     As to Paragraph 168 of Defendants' Counterclaim, DDR states that the 2000 Purchase Agreement speaks for itself and is the best evidence of what it contains. DDR denies any allegations which attempt to characterize the contents of the 2000 Purchase Agreement, as well as the remaining allegations contained in Paragraph 168 of Defendants' Counterclaim. As for New Party Defendants, the allegations stated in paragraph 168 of Defendants' Counterclaim are directed only to DDR and, therefore, no response is required by New Party Defendants.

169.     DDR denies the allegations contained in Paragraph 169 of Defendants' Counterclaim. As for New Party Defendants, the allegations stated in paragraph 169 of Defendants' Counterclaim are directed only to DDR and, therefore, no response is required by New Party Defendants.

170.     As to Paragraph 170 of Defendants' Counterclaim, DDR states that the 2000 Purchase Agreement speaks for itself and is the best evidence of what it contains. DDR denies the remaining allegations contained in Paragraph 170 of Defendants' Counterclaim. As for New Party Defendants, the allegations stated in paragraph 170 of Defendants' Counterclaim are directed only to DDR and, therefore, no response is required by New Party Defendants.

171.     DDR denies the allegations contained in Paragraph 171 of Defendants' Counterclaim. As for New Party Defendants, the allegations stated in paragraph 171 of Defendants' Counterclaim are directed only to DDR and, therefore, no response is required by New Party Defendants.

172.    DDR denies the allegations contained in Paragraph 172 of Defendants' Counterclaim. As for New Party Defendants, the allegations stated in paragraph 172 of Defendants' Counterclaim are directed only to DDR and, therefore, no response is required by New Party Defendants.

173.    DDR denies the allegations contained in Paragraph 173 of Defendants' Counterclaim. As for New Party Defendants, the allegations stated in paragraph 173 of Defendants' Counterclaim are directed only to DDR and, therefore, no response is required by New Party Defendants.

174.    DDR denies the allegations contained in Paragraph 174 of Defendants' Counterclaim. As for New Party Defendants, the allegations stated in paragraph 174 of Defendants' Counterclaim are directed only to DDR and, therefore, no response is required by New Party Defendants.

175.    DDR denies the allegations contained in Paragraph 175 of Defendants' Counterclaim. As for New Party Defendants, the allegations stated in paragraph 175 of Defendants' Counterclaim are directed only to DDR and, therefore, no response is required by New Party Defendants.

176.    DDR denies the allegations contained in Paragraph 176 of Defendants' Counterclaim. As for New Party Defendants, the allegations stated in paragraph 176 of Defendants' Counterclaim are directed only to DDR and, therefore, no response is required by New Party Defendants.

177.    DDR denies the allegations contained in Paragraph 177 of Defendants' Counterclaim. As for New Party Defendants, the allegations stated in paragraph 177 of

Defendants' Counterclaim are directed only to DDR and, therefore, no response is required by New Party Defendants.

178.    DDR denies the allegations contained in Paragraph 178 of Defendants' Counterclaim. As for New Party Defendants, the allegations stated in paragraph 178 of Defendants' Counterclaim are directed only to DDR and, therefore, no response is required by New Party Defendants.

179.    DDR denies the allegations contained in Paragraph 179 of Defendants' Counterclaim. As for New Party Defendants, the allegations stated in paragraph 179 of Defendants' Counterclaim are directed only to DDR and, therefore, no response is required by New Party Defendants.

180.    DDR denies the allegations contained in Paragraph 180 of Defendants' Counterclaim. As for New Party Defendants, the allegations stated in paragraph 180 of Defendants' Counterclaim are directed only to DDR and, therefore, no response is required by New Party Defendants.

181.    DDR denies the allegations contained in Paragraph 181 of Defendants' Counterclaim. As for New Party Defendants, the allegations stated in paragraph 181 of Defendants' Counterclaim are directed only to DDR and, therefore, no response is required by New Party Defendants.

### ANSWER TO COUNT VII (Against New Party Defendants)

182.    Paragraph 182 of Defendants' Counterclaim does not call for a response. DDR and New Party Defendants incorporate by reference their responses set forth in Paragraphs 1-181 of this Reply as if fully rewritten herein.

183.    New Party Defendants admit that Mr. Wolstein, Mr. Adler, Mr. Schoff, Mr. Jacobstein, Mr. Ahern, Mr. Schafer, Ms. Allgood, and Mr. Gidel at certain times relevant to this matter were officers and/or members of DDR's Board of Directors and that Ms. Allgood, Mr. Wolstein, and Mr. Schoff participated in some matters related to the 2000 Purchase Agreement. New Party Defendants deny the remaining allegations contained in paragraph 183 of Defendants' Counterclaim. As for DDR, the allegations stated in paragraph 183 of Defendants' Counterclaim are directed only to New Party Defendants and, therefore, no response is required by DDR.

184.    As to Paragraph 184 of Defendants' Counterclaim, New Party Defendants state that RCW § 21.20.430(3) speaks for itself and is the best evidence of what it contains. New Party Defendants deny any allegations which attempt to characterize the contents of the Revised Code of Washington, as well as the remaining allegations contained in Paragraph 184 of Defendants' Counterclaim. As for DDR, the allegations stated in paragraph 184 of Defendants' Counterclaim are directed only to New Party Defendants and, therefore, no response is required by DDR.

185.    New Party Defendants deny the allegations contained in Paragraph 185 of Defendants' Counterclaim. As for DDR, the allegations stated in paragraph 185 of Defendants' Counterclaim are directed only to New Party Defendants and, therefore, no response is required by DDR.

## **ANSWER TO COUNT VIII**

186.    Paragraph 186 of Defendants' Counterclaim does not call for a response. DDR and New Party Defendants incorporate by reference their responses set forth in Paragraphs 1-185 of this Reply as if fully rewritten herein.

187.    As to Paragraph 187 of Defendants' Counterclaim, DDR and New Party Defendants state that pursuant to the Court's February 14, 2008 Order, Count VIII of Defendants' Counterclaim has been dismissed, and therefore, no responsive pleading is required.

188.    As to Paragraph 188 of Defendants' Counterclaim, DDR and New Party Defendants state that pursuant to the Court's February 14, 2008 Order, Count VIII of Defendants' Counterclaim has been dismissed, and therefore, no responsive pleading is required.

189.    As to Paragraph 189 of Defendants' Counterclaim, DDR and New Party Defendants state that pursuant to the Court's February 14, 2008 Order, Count VIII of Defendants' Counterclaim has been dismissed, and therefore, no responsive pleading is required.

190.    Any remaining allegations of Defendants' Counterclaim that are not otherwise expressly admitted herein are hereby denied.

## FIRST DEFENSE

191.    Defendants' Counterclaim fails to state a claim against DDR and New Party Defendants upon which relief can be granted.

## SECOND DEFENSE

192.    Some or all of Defendants' Counterclaims are barred by the statute of limitations and/or repose.

## THIRD DEFENSE

193.    Some or all of Defendants' Counterclaims are barred by the equitable doctrines of waiver, laches, estoppel, and/or ratification.

## FOURTH DEFENSE

194.    Some or all of Defendants' Counterclaims are barred by the doctrine of acquiescence.

**FIFTH DEFENSE**

195.    Some or all of Defendants' Counterclaims are barred by the express terms of the parties' agreements, including but not limited to the release provisions contained in section 5.1 of the 2000 Purchase Agreement.

**SIXTH DEFENSE**

196.    Some or all of Defendants' Counterclaims are barred by the Parole Evidence Rule.

**SEVENTH DEFENSE**

197.    Some or all of Defendants' Counterclaims are barred by the Statute of Frauds.

**EIGHTH DEFENSE**

198.    Some or all of Defendants' Counterclaims are barred by the doctrines of novation and/or accord and satisfaction.

**NINTH DEFENSE**

199.    Some or all of Defendants' Counterclaims are barred by virtue of the unclean hands doctrine.

**TENTH DEFENSE**

200.    Some or all of Defendants' Counterclaims are barred by Defendants' fraud.

**ELEVENTH DEFENSE**

201.    Defendants' Counterclaims are barred or must be reduced by recoupment and set-off.

## TWELFTH DEFENSE

202.    DDR and New Party Defendants reserve the right to assert and designate additional defenses as they may come to light in the course of investigation, discovery, and otherwise.

WHEREFORE, having fully answered Defendants' Counterclaim, DDR and New Party Defendants pray that judgment be entered in their favor, that Defendants' remaining Counterclaims be dismissed with prejudice, that DDR and New Party Defendants recover their costs, expenses, attorneys' fees incurred herein, and for such other relief as this Court deems just.

Respectfully submitted,

/s/ Steven S. Kaufman
Steven S. Kaufman (#0016662)
*Steven.Kaufman@ThompsonHine.com*
Jennifer A. Lesny Fleming (#0062083)
*Jennifer.Fleming@ThompsonHine.com*
THOMPSON HINE LLP
3900 Key Center
127 Public Square
Cleveland, Ohio 44114-1291
(216) 566-5500 (Phone)
(216) 566-5800 (Fax)

Attorneys for Plaintiff Developers Diversified
Realty Corporation and New Party Defendants

36

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff DDR and New Party

Defendants Scott A. Wolstein, Dean S. Adler, James A. Schoff, David M. Jacobstein, Terrance

R. Ahern, William H. Schafer, Joan U. Allgood, and Robert H. Gidel, demand a trial by jury on

all issues so triable.


/s/ Steven S. Kaufman
*One of the Attorneys for Plaintiff Developers*
*Diversified Realty Corporation and New Party*
*Defendants*

## <u>CERTIFICATE OF SERVICE</u>

A copy of the foregoing Reply was filed electronically this 29th day of February, 2008.

Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

Parties may access the filing through the Court's system.


/s/ Steven S. Kaufman
*One of the Attorneys for Plaintiff*
*Developers Diversified Realty Corporation*

11355494.3